## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                              17-20-SDD-EWD

DAVONTAY K. RICKS

### RULING

This matter is before the Court on the *Motion for James Hearing*[1] filed by Defendant, Davontay K. Ricks ("Ricks"). The Government has filed an *Opposition*[2] opposing Ricks' request for a *James* hearing. For the following reasons, the Court denies the request to hold a *James* hearing prior to trial.

**I.  BACKGROUND**

Defendant Ricks was indicted along with three other defendants for conspiracy to distribute cocaine base and marijuana and conspiracy to possess firearms in furtherance of a drug trafficking crime. Defendant Ricks has moved for disclosure of statements that the Government intends to offer at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and for a *James* hearing for a pretrial determination of the admissibility of those statements.

The Government objects to a pre-trial *James* hearing, arguing that such a hearing is burdensome because it requires the Government to conduct a mini-trial and prove a conspiracy twice. Further, the Government contends that Ricks would gain information at a *James* hearing to which he would not otherwise be entitled to through pre-trial

---

[1] Rec. Doc. No. 40.
[2] Rec. Doc. No. 48.
39958

discovery. The Government notes that co-conspirator statements are not hearsay, are not discoverable under the law, and maintains that the Court should defer ruling on the admissibility of such statements until trial.

## II. LAW AND ANALYSIS

In *United States v. James*,[3] the Fifth Circuit held that statements of co-conspirators are admissible under the hearsay exception in Federal Rule of Evidence 801(d)(2)(E), upon "sufficient showing, by independent evidence, of a conspiracy among one or more other defendants and the declarant and if the declarations at issue were in furtherance of that conspiracy."[4] "A *James* hearing, conducted outside the presence of the jury, is one potential method by which the district court may ensure the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements."[5] "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'"[6] Whether a *James* hearing is necessary is within the discretion of the district court.[7] "An appellant making a *James* argument must specifically identify the particular statement he is challenging."[8]

---

[3] 590 F.2d 575 (5th Cir.1991).
[4] *Id.* at 581.
[5] *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001).
[6] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed.R.Evid. 801(d)(2)(E)).
[7] *Williams*, 264 F .3d at 576.
[8] *United States v. Nichols*, 941 F.2d 295, 300 (5th Cir.1991).
39958

The Court finds that the decision of the district court for the Eastern District of Louisiana in *United States v. Haydel*[9] is particularly instructive in this case. In *Haydel*, the defendant charged in a conspiracy moved for a *James* hearing. The government objected to a *James* hearing, as noted by the Court:

> The government argues that pursuant to Rule 16(a)(2), a request for any co-conspirator statements is just a ruse to discover the names of prospective witnesses, names to which defendant is not entitled. Rule 16 does not "transmogrify the co-conspirator into the person of the defendant himself." *In re United States*, 834 F.2d 283 (2nd Cir.1987); *United States v. Sims*, 808 F.Supp. 607 (N.D.Ill.1992); *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir.1990). The Rule requiring disclosure of statements by the prosecution to a defendant pertains only to discovery of statements made by the defendant, not other witnesses.
>
> Additionally, holding a *James* hearing is cumbersome, inefficient, and not required by the case law. *See United States v. Bourjaily*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir.1993). The Court should utilize the Fifth Circuit practice of allowing "admission subject to connection" and admit the evidence, allowing the government to use it in its case-in-chief subject to the government connecting up the evidence to the conspiracy, a determination that should come a[t] the close of the government's case-in-chief. *Ruiz*, 987 F.2d 246; *United States v. Fragoso*, 978 F.2d 896 (5th Cir.1992).[10]

The *Haydel* court then turned to a discussion of the legal standard applicable to a determination of this issue:

> As to Fed.R.Evid. 801(d)(2)(E), the "co-conspirator exception" is actually non-hearsay- it is set forth in Rule 801(d) where all actual hearsay exceptions are contained in Rules 803 and 804. As to admissibility, before the Court can admit a co-conspirator statement it should be satisfied that the statement actually fits the rule. This means the government, as a preliminary matter, must demonstrate to the Court, by a preponderance of

---

[9] No. 05-242, 2006 WL 851173 (E.D. La. Mar. 13, 2006).
[10] *Id.* at *1 (footnotes omitted).
39958

the evidence, that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made during the course and in furtherance of the conspiracy. *See United States v. Bourjaily*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). This determination is a preliminary question of fact governed by Rule 104(a) of the FRE and the statements are only admitted if the trial court determines that they fall within the definition of Rule 801(d)(2)(E). In determining whether there is a conspiracy the Court may consider a variety of evidence, including the offered statements themselves. *See Bourjaily*, 483 U.S. at 171. Additionally, there is no threshold requirement that the defendant be charged with the underlying conspiracy, *United States v. Ortiz*, 966 F.2d 707, 715 (1st Cir.1992), nor that the Court conduct a separate pre-trial hearing on the admissibility of such a statement in determining whether a conspiracy existed. *See Bourjaily*, 483 U.S. at 171.[11]

The relevant case law supports the finding that the Court has virtually unfettered discretion to determine when to make such a determination, provided the Court make at least some cursory attempt to find the predicates before the defense rests. *See, e.g. United States v. Fragoso*, 978 F.2d 896, 900-01 (5th Cir.1992)(holding that, despite the district court's never making any explicit findings of the requisite predicate facts under Rule 801(d)(2)(E), the court's error was harmless because the district court implicitly did so when it denied the defendant's motion for a directed verdict of acquittal). Consequently, the Court finds that a pre-trial determination of the admissibility of co-conspirator statements is not necessary at this time. However, the **Court will follow its usual practice of allowing the statements to be offered at trial, subject to a brief bench conference wherein the Court will base its admissibility decisions on whether the government has met its burden of proof regarding the requisite predicates for conspiracy.** Only if the Court should then find these predicates have been met will the statements in question be admitted as evidence for the jury's consideration and in accordance with the Rule.[12]

More recently, in *United States v. Wijetunge,*[13] the court was faced with a request

for a *James* hearing. The court denied the motion, holding as follows:

---

[11] *Id.*
[12] *Id.* at *2 (emphasis added).
[13] No. 15-144, 2016 WL 1089344 (E.D. La. Mar. 21, 2016).
39958

As for defendants' argument that alleged co-conspirator statements be excluded, the Court defers such specific evidentiary rulings until such time as they are raised at trial. *See Fragoso*, 978 F.2d at 899 (*James* has never required a hearing outside the presence of the jury to determine the existence of a conspiracy); *United States v. Richmond*, No. 00-321, 2001 WL 1117235, at *4 (E.D. La. Sept. 21, 2001) ("The Fifth Circuit has approved the practice of withholding ruling on these preliminary facts until the trial has concluded."); *United States v. Whitley*, 670 F.2d 617 (5th Cir. 1982) (citation omitted) ("Where no separate hearing is held, but, at the end of the trial, the trial judge finds...that a preponderance of the evidence proves the predicate facts, no error has occurred in the admission of the coconspirator statements."). This is the best course of action, especially given that defendants do not actually identify a single co-conspirator statement to which they object.[14]

### III.   CONCLUSION

Considering the above, the Court finds that the jurisprudence on the issue weighs heavily in favor of conducting a *James* hearing at trial to conserve judicial resources and avoid an undue discovery burden on the Government. Therefore, the Court will deny Ricks' *Motion for James Hearing*[15] pretrial and defer the matter to trial.

The *James* hearing currently set for July 31, 2017 is hereby CANCELLED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 27, 2017</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] *Id.* at *6.
[15] Rec. Doc. 40.
39958